IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**KYLE STANLEY FARLEY,**

        **Plaintiff,**

        v.                                                                  **CASE NO. 20-3063-SAC**

**K. SHANKLE, et al.,**

        **Defendants.**

**MEMORANDUM AND ORDER TO SHOW CAUSE**

      Plaintiff Kyle Stanley Farley brings this *pro se* civil rights actions pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *in forma pauperis*. Mr. Farley is a pretrial detainee being held at the Saline County Jail in Salina, Kansas. For the reasons discussed below, Plaintiff is ordered to show cause why his complaint should not be dismissed. Also before the Court is Plaintiff's Motion to Appoint Counsel (ECF No. 3).

**I. Nature of the Matter before the Court**

      Mr. Farley alleges the defendants used excessive force against him in violation of his rights under the First, Eighth, and Fourteenth Amendments. According to the complaint, Plaintiff got into a fight with another inmate on December 19, 2019. About five minutes after the fight concluded, Officers Allen and Ingalsbee entered the unit and advised Plaintiff he was being taken

1

to segregation for fighting. Plaintiff allowed the officers to handcuff him behind his back. They then began leading him out of the cell by each pulling "lightly" on an arm. He asked them to stop pulling since he was being compliant, but they refused and began pulling "a little more harder." Plaintiff stopped complying and began yelling, forcing himself away from the officers who then grabbed him and slammed him into a wall. Officer Shankle arrived to assist the other officers and told Plaintiff that if he did not relax his muscles, he would tase Plaintiff. Plaintiff continued to yell at Officers Allen and Ingalsbee to let him go. They pulled him out of the unit and slammed him up against the cage. Officer Shankle tased Plaintiff in the back. He fell to the ground, and the officers shackled his ankles and carried him to a segregation cell. A nurse was present and removed one of the Taser prongs while Officer Shankle removed the other. The officers uncuffed and unshackled him. Plaintiff suffered a swollen and bruised face for approximately a week.

Plaintiff names Offficers Allen, Ingalsbee, and Shankle as defendants. He seeks damages of $50,000 for violation of his rights.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). Additionally, with any litigant, such as Plaintiff, who is proceeding in forma pauperis, the Court has a duty to screen the complaint to determine its sufficiency. *See* 28 U.S.C. § 1915(e)(2). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was

committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III. Discussion

Because Plaintiff is a pretrial detainee, his claim of excessive force arises under the Fourteenth Amendment and is analyzed under an objective standard. *Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015). Plaintiff is required to "show only that the force purposely or knowingly used against him was objectively unreasonable." *Id.* Objective reasonableness is determined based on the "facts and circumstances of each particular case." *Id.* (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989)). "A court must make this determination from the perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight." *Id.* A court is also required to account for the "legitimate interests that stem from [the government's] need to manage the facility in which the individual is detained," appropriately deferring to "policies and practices that in th[e] judgment" of jail officials "are

4

needed to preserve internal order and discipline and to maintain institutional security." *Id.* (quoting *Bell v. Wolfish,* 441 U.S. 520, 540, 547 (1979)). The Supreme Court listed the following considerations which may bear on the reasonableness or unreasonableness of the force used: "the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting." *Id.*

In this case, Plaintiff has described the incident in detail. However, from his description, the Court cannot find that he has stated a claim that the use of force was objectively unreasonable. Plaintiff had been fighting with another inmate. He was initially compliant when the officers cuffed him, but then he became noncompliant when they failed to comply with his request to stop pulling on his arms. He was yelling and attempting to get away from them. Their actions in grabbing him and slamming him against a wall, without serious resulting injury, were not unreasonable. It was reasonable that other officers, including Officer Shankle, would arrive to provide assistance. Plaintiff states he was continuing to yell and resist. Officer Shankle gave him the opportunity to comply before he used the Taser, and Shankle tased him one time. Once Plaintiff was moved to the segregation cell, his restraints were promptly removed and a nurse was there to examine him.

Applying the *Kingsley* considerations, the amount of force used by Defendants was not excessive in relation to the need to subdue a noncompliant detainee who had been fighting with another inmate and had to be moved to a different area. Plaintiff did not suffer serious injury. Officer Shankle gave Plaintiff the opportunity to avoid the use of the Taser. Plaintiff was actively resisting. Given these considerations, the Court finds that Plaintiff fails to state a claim that the

force used by Defendants was objectively unreasonable. *See Ueding v. Border*, No. 18-CV-00778-KLM, 2019 WL 1077367, at *6 (D. Colo. Mar. 7, 2019) ("Because Plaintiff admits non-compliance with officers, admits defensive action, and fails to allege facts demonstrating a serious injury, the Court finds that Plaintiff fails to sufficiently allege that Defendant['s] actions were 'objectively unreasonable' in light of Defendant['s] need to maintain order.")

## IV. Response Required

For the reasons stated herein, Plaintiff's complaint is subject to dismissal under 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B) for failure to state a claim upon which relief may be granted. Plaintiff is therefore required to show good cause why his complaint should not be dismissed. Plaintiff is warned that his failure to file a timely response may result in the complaint being dismissed for the reasons stated herein without further notice.

## V. Motion to Appoint Counsel (ECF No. 3)

There is no constitutional right to appointment of counsel in a civil case. *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995). The decision whether to appoint counsel in a civil matter lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

In deciding whether to appoint counsel, courts must evaluate "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Hill*, 393 F.3d at 1115 (citing *Rucks*, 57 F.3d at 979).

Here, the Court has found that Plaintiff's claim lacks merit. Moreover, the factual and legal issues are not complex, and Plaintiff has presented his claim adequately. For these reasons, the motion is denied.

**IT IS THEREFORE ORDERED** that Plaintiff is granted to and including **September 25, 2020**, in which to show good cause, in writing, why his complaint should not be dismissed for the reasons stated herein.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Appoint Counsel (ECF No. 3) is **denied**.

**IT IS SO ORDERED.**

**Dated in Topeka, Kansas, on this 26th day of August, 2020.**

s/ Sam A. Crow\_\_\_\_\_
**SAM A. CROW**
**U. S. Senior District Judge**